Juan **RIVERA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–96–00576–CR.

Court of Appeals of Texas, San Antonio.

July 16, 1997.

---

Alex J. Scharff, Alan Brown, San Antonio, for appellant.

Brenda Levenstein, Assistant Criminal District Attorney, San Antonio, for appellee.

Before HARDBERGER, C.J., and STONE and GREEN, JJ.

HARDBERGER, Chief Justice.

## INTRODUCTION

Juan Rivera was indicted by a Bexar County grand jury for the offense of murder. Rivera entered a plea of nolo contendere to a reduced charge of voluntary manslaughter and was found guilty of that offense. Punishment was assessed pursuant to a plea bargain at 18 years imprisonment in the Texas Department of Criminal Justice and a $1,000 fine. Permission to appeal was initially denied, but was ultimately granted. Rivera's notice of appeal recites the fact that he was granted permission to appeal. Accordingly, this court has jurisdiction. *See* TEX. R.APP. P. 40(b)(1). We reverse and remand.

## BACKGROUND

At the plea hearing, Rivera was admonished about his no contest plea. Rivera indicated that he had read and understood the jury waiver and the warnings contained therein, and stated that he had decided to give up his right to a jury trial. After Rivera tendered his plea of nolo contendere, the trial judge determined there was sufficient evidence to convict Rivera, accepted the plea, and ordered a presentence investigation prior to sentencing.

Shortly thereafter, Rivera filed a Motion to Withdraw Plea. Before this motion was ruled upon, Rivera obtained new counsel. Rivera's new attorney filed a First Amended Motion to Withdraw Plea. A hearing was held on this motion at which Rivera and his prior counsel, Cornelius Cox, testified. Rivera told the court that his former attorneys informed him he had an automatic right to withdraw his plea prior to sentencing. He said he thought he could withdraw his plea and have a jury trial if the court found him guilty. He also stated that he did not read the plea papers because he trusted his attorneys. Cox then testified on behalf of the State. Cox stated that he generally goes over the plea papers and documents with his clients, and denied telling his clients that they could withdraw a plea at any time. Cox did admit, though, that there was a possibility that Rivera was led to believe he had an absolute right to withdraw his plea prior to sentencing. Cox also stated that he understood the law to provide for the withdrawal of a no-contest plea prior to sentencing. After hearing the testimony presented, the court denied the motion.

## DISCUSSION

■ In his first point of error, Rivera contends that the trial court erred in refusing to allow him to withdraw his nolo contendere plea. A defendant may withdraw his guilty plea as a matter of right any time until judgment has been pronounced or the case has been taken under advisement. *Jackson v. State,* 590 S.W.2d 514, 515 (Tex.Crim.App. 1979); *Gottson v. State,* 940 S.W.2d 181, 185–86 (Tex.App.—San Antonio Dec. 31, 1996, pet. pending). Whether to allow withdrawal of a plea pursuant to a motion filed after the judge has taken the case under advisement, though, is within the sound discretion of the trial court. *Jackson,* 590 S.W.2d at 515; *Thompson v. State,* 852 S.W.2d 268, 270 (Tex. App.—Dallas 1993, no pet.). Once the trial judge has admonished the defendant, received the plea, and received evidence, the

passage of the case for a presentence investigation constitutes "taking the case under advisement." *See Jackson,* 590 S.W.2d at 514–15; *Harling v. State,* 899 S.W.2d 9, 12 (Tex. App.—San Antonio 1995, pet. ref'd). As Rivera did not file his motion until after the trial judge had taken the case under advisement, we review the court's decision in this case under an abuse of discretion standard. To establish an abuse of discretion, the appellant must show that the trial court's ruling lies outside the "zone of reasonable disagreement." *DuBose v. State,* 915 S.W.2d 493, 496–97 (Tex.Crim.App.1996).

 Rivera claims the trial court abused its discretion in denying his Motion to Withdraw Plea because his attorney at the time he entered his plea misinformed him of his rights regarding withdrawal of the plea, which rendered his plea involuntary. It is well established that a guilty plea must be freely and voluntarily entered. *Flowers v. State,* 935 S.W.2d 131, 133 (Tex.Crim.App. 1996). If an attorney conveys erroneous information to his client, a plea of guilty based upon that misinformation is involuntary. *Fimberg v. State,* 922 S.W.2d 205, 207 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd.). We conclude that the misinformation conveyed to Rivera by attorney Cox in this case rendered his plea based on that misinformation involuntary. We note that "a defendant's claim that he was misinformed by counsel, standing alone, is not enough for us to hold his plea was involuntary." *Id.* at 208. However, Rivera's testimony at the hearing on his motion to withdraw the plea was uncontroverted and was indirectly corroborated by the testimony of his former attorney. Rivera maintained that Cox told him he had a right to withdraw his plea and have a jury trial any time prior to sentencing. Cox never denied telling Rivera this. In fact, Cox admitted it was possible that Rivera believed he had an absolute right to withdraw his plea prior to sentencing. Cox also stated that his understanding of the law was that a defendant had a right to withdraw his guilty plea any time prior to sentencing. Although this is not entirely incorrect, it is not a complete statement of the law. As discussed above, once the trial court has taken the case under advisement, such as by ordering a presentence investigation like the one in this case, the defendant does not have an absolute right to withdraw his plea. *See Jackson,* 590 S.W.2d at 515. Based on Cox's understanding of the law, it is not difficult to see how Rivera could have been misled into believing that he could withdraw his plea and have a jury trial even after the trial court ordered a presentence investigation. Rivera testified that his belief based on the misinformation from Cox was a factor in his decision to plead no contest. Because Rivera's plea was based on misinformation from his attorney, it was not voluntary and the trial court abused its discretion in denying his motion to withdraw the plea. Rivera's first point of error is sustained.

As Rivera's first point of error is dispositive of this appeal, we do not reach his second point of error alleging ineffective assistance of counsel. The judgment of the trial court is reversed and this cause is remanded for further proceedings.