Robert MORENO, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–02–00065–CR.

Court of Appeals of Texas,
San Antonio.

Oct. 2, 2002.

From the 399th Judicial District Court, Bexar County, Texas, Trial Court No. 2001–CR–6502–W; James E. Barlow, Judge Presiding.[1]

Raymond J. Vale, Jr., Law Offices of Raymond J. Vale, Jr., P.C., San Antonio, for Appellant.

1. The Honorable Juanita Vasquez–Gardner presided over the plea hearing. The Honor-able James E. Barlow presided over the sentencing hearing.

Mary Beth Welsh, Assistant Criminal District Attorney, San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, SANDEE BRYAN MARION, Justice.

Opinion by: PHIL HARDBERGER, Chief Justice.

Robert Moreno ("Moreno") appeals his conviction of possession of a controlled substance. In his sole issue on appeal, Moreno contends that the trial court erred in denying his motion to withdraw his plea. We affirm the trial court's judgment.

## PROCEDURAL HISTORY

Moreno pled nolo contendere to a felony offense in accordance with a plea bargain agreement. On November 14, 2001, the trial court accepted Moreno's plea but postponed sentencing to obtain a presentence investigation report. On December 14, 2001, Moreno filed a motion to withdraw his plea to enable him to submit an application for community supervision. On December 17, 2001, the trial court conducted the sentencing hearing. Moreno's attorney brought the motion to the trial court's attention. The trial court noted that Moreno "started in 1990 and actually went for delivering heroin—12 years to the TDC," "had been in and out of jail the whole time," had "a couple of cases taken in consideration," and had "done two terms in the TDC" in 1988 and 1999. The trial court concluded that Moreno was eligible for probation by the court but not by a jury. The trial court denied the motion to withdraw and further stated, "I'm going to deny your application for community supervision deferred adjudication." The punishment assessed by the trial court complied with the terms of the plea bargain agreement.

## JURISDICTIONAL ISSUE

■ Moreno contends that we have jurisdiction to consider this appeal because his motion to withdraw his plea was a pretrial motion. The State responds that the motion cannot be considered a pre-trial motion because it was filed after Moreno's plea was accepted and the case was taken under advisement. Assuming that the motion could be considered a pre-trial motion, the State responds that Moreno's notice of appeal does not specify that the substance of the appeal was raised by written motion and ruled on before trial. We agree with the State that a motion filed after a case has been taken under advisement is not a pre-trial motion. *See Jackson v. State,* 590 S.W.2d 514, 515 (Tex.Crim.App.1979) (explaining effect of taking case under advisement on ability to withdraw plea). In addition, because Moreno filed a general notice of appeal, we would not have jurisdiction to consider the trial court's ruling even if the issue had been raised by written motion and ruled on before trial. *See* TEX.R.APP. P. 25.2(b)(3); *White v. State,* 61 S.W.3d 424 (Tex.Crim.App.2001).

Although we reject the jurisdictional grounds asserted by Moreno, the record presents another possible basis for retaining jurisdiction over this appeal. In order for rule 25.2(b)(3) to apply, the appeal must be from a judgment rendered on the defendant's plea of guilty or nolo contendere, and the punishment assessed must not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See* TEX.R.APP. P. 25.2(b)(3).

■ "A plea agreement is a contractual arrangement." *Ortiz v. State,* 933 S.W.2d 102, 104 (Tex.Crim.App.1996). "Until all of the necessary parties agree to the terms of the contract, the agreement is not binding." *Id.* In this case, the trial court did not agree to the terms of the plea agreement at the plea hearing because the trial

court only accepted Moreno's plea. The Texas Court of Criminal Appeals has explained this distinction as follows:

> In the instant case the trial judge "accepted" the guilty plea to robbery, but did not make any finding on this plea and did not accept or reject the plea agreement. The trial judge would have more accurately followed Art. 26.13 had he not stated that he accepted the plea without also making a finding on the plea agreement. Essentially, the trial judge accepted the plea conditionally while he deferred a final decision until the pre-sentence investigation was complete. He did not adjudicate guilt or accept the plea agreement.... Based on the record of the initial plea hearing we agree with the Court of Appeals that the trial judge never accepted the plea agreement. Therefore, the contract of the plea agreement was never binding on the parties.

*Id.*

In this case, the trial court did not accept the plea agreement at the plea hearing; therefore, Moreno was not bound by the terms of the plea agreement at that time. When Moreno filed his motion to withdraw his plea, he effectively withdrew his consent to the terms of the agreement, preventing the agreement from ever becoming binding. Accordingly, it would appear that the punishment assessed exceeded the punishment agreed to by Moreno because Moreno did not agree to any punishment. Because the parties did not brief this possible basis for jurisdiction, we do not decide whether jurisdiction is proper under this reasoning; however, we will address the merits of the appeal.

## MOTION TO WITHDRAW

Moreno contends that the trial court abused its discretion in denying his motion to withdraw his plea. The State responds that Moreno has not shown an abuse of discretion.

A defendant may withdraw his guilty plea as a matter of right any time before judgment has been pronounced or the case has been taken under advisement. *Jackson v. State,* 590 S.W.2d at 515; *Rivera v. State,* 952 S.W.2d 34, 35 (Tex.App.-San Antonio 1997, no pet.). Once the trial judge has admonished the defendant, received the plea, and received evidence, the passage of the case for a presentence investigation constitutes taking the case under advisement. *Rivera,* 952 S.W.2d at 35–36. Whether to allow withdrawal of a plea pursuant to a motion filed after the judge has taken the case under advisement is within the sound discretion of the trial court. *Jackson,* 590 S.W.2d at 515; *Rivera,* 952 S.W.2d at 35. Since Moreno did not file his motion until after the case was taken under advisement, we review the court's decision under an abuse of discretion standard. To establish an abuse of discretion, Moreno must show that the trial court's ruling lies outside the "zone of reasonable disagreement." *Rivera,* 952 S.W.2d at 36.

Moreno did not file his motion to withdraw until three days before the sentencing hearing. From his remarks, the trial judge was considering whether he would consider granting an application for community supervision in view of the information contained in the presentence investigation report. After reviewing that information, the trial court decided to deny Moreno's motion. Based on our record, we cannot conclude that the trial court's denial of the motion was "outside the zone of reasonable disagreement."

## CONCLUSION

The trial court's judgment is affirmed.