MEMORANDUM OPINION




No. 04-02-00757-CR



Jonathan KNOX,


Appellant



v.



The STATE of Texas,


Appellee



From the 179th Judicial District Court, Harris County, Texas


Trial Court No. 879527


Honorable J. Michael Wilkinson, Judge Presiding



Opinion by: Paul W. Green, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: September 10, 2003

 

AFFIRMED

 Appellant Jonathan Knox was charged with murder and pled guilty on May 30, 2002.
He was sentenced to seventy-five years' imprisonment and a $10,000 fine. He now appeals
his conviction in six issues.

 Because the issues in this appeal involve the application of well-settled principles of
law, we affirm the conviction in this memorandum opinion under Tex. R. App. P. 47.4 for the
following reasons:

 1. In his first and second issues, Knox asserts the trial court erred in overruling his
motions to withdraw his guilty plea in violation of his federal constitutional right to due
process. He claims the court erred because an issue was raised during the plea hearing as to
whether he had knowingly and intelligently entered his plea of guilty.

 A defendant may withdraw his plea as a matter of right any time before judgment has
been pronounced or the case has been taken under advisement by the court. Jackson v. State,
590 S.W.2d 514, 515 (Tex. Crim. App. 1979); Moreno v. State, 90 S.W.3d 887, 889 (Tex.
App.--San Antonio 2002, no pet.). Once the trial judge has admonished the defendant,
received the plea, and received the evidence, the passage of the case for a presentence
investigation constitutes taking the case under advisement. Moreno, 90 S.W.3d at 889; Rivera
v. State, 952 S.W.2d 34, 35-36 (Tex. App.--San Antonio 1997, no pet.). Whether to allow
withdrawal of a plea pursuant to a motion filed after the judge has taken the case under
advisement is within the sound discretion of the trial court. Jackson, 590 S.W.2d at 515;
Moreno, 90 S.W.3d at 889; Rivera, 952 S.W.2d at 35. This Court may reverse a trial court's
failure to grant a motion to withdraw a guilty plea only upon a showing of abuse of discretion.
Moreno, 90 S.W.3d at 889. To establish an abuse of discretion, Knox must show that the trial
court's ruling lies outside the "zone of reasonable disagreement." Id.

 The record shows that Knox expressly and voluntarily waived his right to a jury trial,
judicially confessed to the offense charged, received the statutorily required admonishments
and entered a plea of guilty. The court found Knox to be mentally competent, his plea to be
voluntary, and the evidence sufficient to support his guilt. Based on the record, the trial court's
denial of the motions was not outside the zone of reasonable disagreement. We overrule
Knox's first and second issues.

 2. In his third and fourth issues, Knox contends his murder conviction is void because
the trial court reviewed his pre-sentence investigation report prior to the finding of guilt in
violation of his right to due process under both the United States and Texas Constitutions.
Knox relies on State ex rel. Bryan v. McDonald, 662 S.W.2d 5 (Tex. Crim. App. 1983) and
State ex rel. Turner v. McDonald, 676 S.W.2d 375 (Tex. Crim. App. 1984). 

 The Code of Criminal Procedure states that a trial judge may not inspect a pre-sentence
report unless the defendant pleads guilty or nolo contendere or is convicted of the offense.
Tex. Code Crim. Proc. Ann. art. 42.12, sec.9(c)(1)(Vernon Supp. 2003). The record reflects
that Knox went before the trial court and signed a confession, entered a plea of guilty to the
charge, and filed a sworn motion for community supervision. The trial court reset the hearing
to allow for the preparation of a pre-sentence investigation report before sentencing took
place. In order to consider the option of deferred adjudication or community supervision at
Knox's request, it was necessary for the court to consider the pre-sentence report. See
Blalock v. State, 728 S.W.2d 135, 138-39 (Tex. App.-- Houston [14th Dist.] 1987, writ ref'd).
Because Knox did not object to the trial court's consideration of his report, he has failed to
preserve this issue for appeal. See Tex. R. App. P. 33.1(a); Vela v. State, 915 S.W.2d 73, 75
(Tex. App.--Corpus Christi 1996, no writ). 

 Even if Knox had not waived this issue, the facts of this case do not point toward to a
violation of Knox's due process rights. Unlike the McDonald cases, in the present case there
is no evidence that the judge considered the pre-sentence investigation report or ordered it
until Knox had pled guilty, signed a judicial confession, and stipulated to the evidence of his
guilt. Therefore, the report could not have influenced the judge except in deciding the
appropriate punishment. See Wissinger v. State, 702 S.W.2d 261, 263 (Tex. App.--Houston
[1st Dist.] 1985, writ ref'd). The procedure did not violate Knox's rights and did not risk any
of the due process violations condemned in the McDonald cases. See id. Knox's third and
fourth issues are overruled.

 3. Finally, in his fifth and sixth issues, Knox argues the trial court erred assessing his
punishment at seventy-five years and a $10,000 fine because this sentence is not proportional
to the offense committed and is therefore in violation of both the United States and Texas
Constitutions.

 In order to preserve a complaint for appeal, a party must have presented the trial court
with a timely request, objection or motion, stating the specific grounds for the objection. Tex.
R. App. P. 33.1(a). As a general rule, an appellant can not assert error pertaining to his
sentence or punishment when he failed to raise such error in the trial court. Mercado v. State,
718 S.W.2d 291, 296 (Tex. Crim. App. 1986). An issue concerning the severity of a sentence
is not preserved when the defendant's contentions were not raised in either a motion for new
trial or by objection. Keith v. State, 975 S.W.2d 433, 433-34(Tex. App.-- Beaumont 1998,
no pet.); Cruz v. State, 838 S.W.2d 682, 687 (Tex. App. --Houston [14th Dist.] 1992, writ
ref'd.). Because Knox did not raise an objection to the imposition of his sentence at trial or
in a post-trial motion, he has waived these issues on appeal. 

 Even assuming Knox preserved error, we find that this sentence does not fall within the
Eighth Amendment's prohibition against cruel and unusual punishment. Courts have repeatedly
held that punishment which falls within the limits prescribed by a valid statute is not excessive,
cruel, or unusual. See Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); Thomas
v. State, 916 S.W.2d 578, 583 (Tex. App.--San Antonio 1996, no writ). Under the Penal
Code, murder is punishable by imprisonment for a term of five to ninety-nine years and fine
of up to $10,000. Tex. Penal Code Ann. §§12.32, 19.02 (Vernon 2003). Here the
punishment falls within the range set forth by the legislature and is not prohibited as cruel,
unusual or excessive per se. We overrule Knox's fifth and sixth issues.

 The judgment of the trial court is affirmed.


 Paul W. Green, Justice


Do Not Publish