Affirmed and Memorandum Opinion filed February 12, 2004















Affirmed and
Memorandum Opinion filed February 12, 2004.

 

 

In The

 

Fourteenth Court
of Appeals

____________

 

NO. 14-02-01116-CR

____________

 

FRANCISCO PEREZ TORRES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

_________________________________________________

 

On Appeal from the 179th District
Court

Harris County, Texas

Trial Court
Cause No. 871,079

 

_________________________________________________

 

M E M O R A
N D U M   O P I N I O N

            Appellant Francisco Perez Torres was
convicted of aggravated sexual assault of a child.  In one issue, appellant contends the trial
court erred in refusing to allow him to withdraw his nolo contendre plea and in denying his motion
for new trial.  We affirm.

I.  Factual Background

            Appellant was indicted for
aggravated sexual assault after providing a statement in Spanish in which he
admitted to molesting his stepdaughter. 
Appellant rejected an offer from the State for a twenty-five year
sentence, choosing instead to proceed to trial and have the judge sentence
him.  The court informed appellant
(through his counsel who translated to Spanish)[1] that if he
pleaded guilty or no contest, the State would not make a recommendation for
sentencing and the judge would sentence appellant based upon the evidence
before him, including a pre-sentence investigation report (“PSI”).  Continuing in Spanish, counsel advised
appellant that if the jury found him guilty, the judge would not be permitted
to sentence him to probation.  The court
then added, and counsel interpreted, that if appellant pleaded guilty or no
contest, the judge could assess probation. 
Appellant stated that he understood, then the following transpired:

COURT: Does that make sense to
you?

DEFENDANT: I forget all the questions
that are made to me.  I get confused.

COURT: Well, it is your life
that’s on the line.  You ought not to
forget some things.  If you have a jury
trial, you can’t get probation.  If you
plead guilty or no contest, you can get probation.  Don’t forget that. 

DEFENDANT: But if I say no contest,
then I won’t go to trial.

COURT: That’s true.

DEFENDANT: Then I want to go to trial.

The
court then excused the potential jury members, waiting outside the court room,
for a lunch recess.  Before the panel
returned, appellant entered his plea of no contest:

COURT: You realize that you have
the right to have a jury trial in this case.  You also have the right to give it up.  Do you want to give it up?  

DEFENDANT: No, sir. 

COURT: You want to have a jury
trial or not?

DEFENDANT: No.

COURT: You wish to give it up?

DEFENDANT: Yes.

. . . .

COURT: Mr. Torres, to the first
degree felony offense of aggravated sexual assault that’s supposed to have
occurred in Harris County, Texas, March 1 of . . . ‘96, how do you plead, sir,
guilty or not guilty or no contest?

DEFENDANT: No contest.

COURT: Do you understand that even
though you entered a plea of no contest, if sufficient evidence is introduced
to establish your guilt in this case, the Judge would be warranted in finding
you guilty of this offense?

DEFENDANT: Yes, sir.

COURT: Has anybody promised you
anything, forced you in any way, or threatened you to make you plead?

DEFENDANT: No, sir.

. . . .

COURT: Now as I understand it,
you’re entering your plea of no contest without an agreed recommendation, that
you, Mr. Alexander, and the District Attorney’s Office have not been able to
agree as to what the punishment should be in your case.  Instead, as I understand it, you’re entering
your plea of no contest and requesting that a presentence
investigation report be conducted to assist Judge Wilkinson[[2]] in
deciding what the appropriate punishment should be.  Is that your understanding, sir?

DEFENDANT: Yes, sir.  

. . . .

COURT: And you recognize, Mr.
Torres, that Judge Wilkinson could sentence you to any term of punishment, from
life in the penitentiary down to 5 years deferred adjudication probation.  Do you understand all the range, from the 5
years deferred adjudication probation to life in the penitentiary and
everything in between, is a possible punishment in your case? 

DEFENDANT: Yes, sir. 

Appellant’s
trial counsel and a certified interpreter assisted appellant during the plea
proceedings.  Appellant’s trial counsel
translated the requisite forms—which included a waiver of the right to a trial
by jury and statutory admonishments—and fully explained their contents.  To assist in sentencing, the court ordered
the preparation of a PSI report.

            The following day, appellant
informed counsel that he never intended to give up his right to a jury trial
and refused to further cooperate with counsel. 
Appellant’s counsel thereafter filed a “Motion to Withdraw and Motion
for New Trial”[3] on May 28, 2002.  During the hearings on these motions,
appellant testified that he agreed to plead no contest in part because he was
confused by the presence of two interpreters who provided him with conflicting
information.[4]  The judge questioned appellant and established
that appellant’s counsel had translated the plea papers to him and had
admonished him before he signed and swore to the documents.  Appellant also testified that he previously
pleaded no contest to an aggravated sexual assault of a child charge in 1991
and received ten years’ probation, which he completed in five.  The court then asked appellant, “So it’s not
like you’re a stranger to this proceeding, is it, sir.”  Appellant replied, “yes, it’s true.”  The court denied appellant’s motion for new
trial and granted the motion to withdraw.  At
the completion of the subsequent sentencing hearing, the judge assessed
punishment at 35 years’ confinement and a $10,000 fine. 

II.  Discussion

            In
one issue, appellant argues the trial court erred in refusing to allow
appellant to withdraw his nolo contendre plea and in denying his motion for new
trial.  Although the record reflects
appellant did not file a motion requesting the withdrawal of his nolo contendre
plea in the trial court, in the interest of justice we will consider this claim
simultaneously with our analysis pertaining to the denial of appellant’s motion
for new trial.  We do so because these
motions are intertwined and often considered to be functionally equivalent.[5]

A.  Standard of Review

            Generally,
an accused may withdraw his plea any time before judgment is announced or the
case is taken under advisement by the court. 
Jackson v. State, 590 S.W.2d
514, 515 (Tex. Crim. App. [Panel Op.] 1979); Coronado v. State, 25 S.W.3d 806, 809
(Tex. App.—Waco 2000, pet. ref’d).  Once the trial court has admonished the
defendant and received the plea and corresponding evidence, the passage of the
case for a PSI constitutes taking the case under advisement.  Moreno v. State, 90 S.W.3d 887, 889 (Tex. App.—San
Antonio 2002, no pet.)  After this, the
decision to permit the withdrawal of the plea rests within the sound discretion
of the trial court.  Coronado, 25 S.W.3d
at 809.  This court will reverse such a
decision only upon a showing that the trial court abused its discretion.  Id.; Moreno, 90 S.W.3d
at 889.  The decision to grant or deny a
motion for new trial is also reviewed for an abuse of discretion.  Medford
v. State, 766 S.W.2d 398, 399 (Tex. App.—Austin 1989, pet. ref’d).  To establish
an abuse of discretion, appellant must show that the trial court’s ruling lies
outside the “zone of reasonable disagreement.” 
Moreno, 90 S.W.3d
at 889; Watson v. State, 974 S.W.2d
763, 765 (Tex. App.—San Antonio 1998, pet. ref’d)
(quoting Montgomery v. State, 810
S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g)).  

            It is well settled that an accused’s plea of guilty or nolo contendre must be made freely and
voluntarily.  Tex. Code Crim. Proc. art.
26.13(b); Brady v. United States, 397 U.S. 742, 753,
90 S. Ct. 1463, 1471 (1970); Flowers v. State, 935 S.W.2d 131, 133 (Tex. Crim.
App. 1996); Coronado, 25 S.W.3d
at 809.  When considering the voluntariness of a plea, we must examine the entire
record.  Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim.
App. 1998) (per curiam); Coronado, 25 S.W.3d
at 809.  Where an accused attests during
the initial plea hearing that his plea is voluntary, as is the case here, he
bears a heavy burden to prove in a subsequent hearing that he entered the plea
involuntarily.  Cantu v. State, 988 S.W.2d 481, 484 (Tex. App.—Houston [1st Dist.]
1999, pet. ref’d); Jones v. State, 855 S.W.2d 82, 84 (Tex. App.—Houston [14th Dist.]
1993, pet. ref’d). 
Considering appellant filed his motion for new trial after the case had
been taken under advisement, we review the entire record to determine if the
trial court abused its discretion in denying appellant’s motion for new trial.

B.  Analysis

            Appellant
contends he was confused when he made his plea of nolo contendre, and consequently, the plea
was involuntary.  However, the record
shows appellant expressly and voluntarily waived his right to a jury trial both
through his testimony and his plea papers. 
Appellant received the statutorily required admonishments[6] in
writing and initialed each one that was applicable to his case.[7]  These admonishments created a prima facie
showing that appellant’s plea was knowing and voluntary and appellant has the
burden to prove that he did not understand the consequences of his plea such that
he suffered harm.  Martinez, 981
S.W.2d at 197.  After examining the entire record to
determine the voluntariness of appellant’s plea, we
find appellant has not met his burden. 
During his conversation with the trial judge prior to his plea of no
contest, appellant was aware of the consequences of his plea as evidenced
through his statement, “But if I say no contest, then I won’t go to
trial.”  Furthermore, while the court
admonished appellant during the plea proceedings, appellant never stated that
he was confused or did not understand. 
In fact, appellant stated that he wanted to give up the right to have a
jury trial and that he understood the consequence of pleading no contest.  

            Appellant also failed to satisfy his
burden during the hearing on his motion for new trial.  At the hearing, appellant testified that he
repeatedly told his attorney that he wanted to have a trial, but ultimately he
became confused and pleaded no contest. 
However, the trial court did not find appellant’s protestations of confusion
meritorious.[8]  Appellant testified he had been charged with
the same type of offense previously and had waived a jury trial and pleaded no
contest.  The presiding judge observed,
“He can say he’s confused a number of times throughout this; but the testimony
reflects something a little bit differently . . . .”  Furthermore, the interpreter who translated
during the trial court’s admonishments stated that appellant understood the
options the court had outlined for him, testifying as follows: “[A]fter I explained all three options, I remember him saying,
[‘]Well, like, it would be better for me to plead to a P.S.I.[’]” 

            Based on the record, the trial
court’s denial of the motion for new trial and its determination that
appellant’s plea was voluntary were not outside the zone of reasonable
disagreement.  The record reflects that
during the plea proceedings appellant testified he had neither been promised
anything nor forced or threatened in any way to cause him to enter his plea of
no contest.  Appellant further asserted
that he had never been treated for any mental illness or disease, and his trial
counsel testified he believed appellant to be competent to make his plea.  The trial judge determined appellant was mentally
competent and ascertained his plea was entered knowingly and voluntarily.  The court’s determination that the plea was
voluntary, and its ultimate ruling, were not arbitrary or unreasonable.  See
Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App.
1995).

            Therefore, we overrule appellant’s
sole issue on review.  The judgment of
the trial court is affirmed.

 

                                                                        /s/        Eva M. Guzman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed February 12, 2004.

Panel
consists of Justices Edelman, Frost, and Guzman.

Do Not
Publish — Tex. R. App. P.
47.2(b).

 











            [1]  There is some evidence in the record that
appellant can read and understand English. 
Specifically, his daughter Veronica sent him a two-page letter, which
was written predominantly in English. 





            [2]  Judge Bob Burdette presided over this portion
of appellant’s case in Judge J. Michael Wilkinson’s absence. 





            [3]  The Motion to Withdraw was a request by trial
counsel to withdraw as appellant’s attorney.





            [4]  Both interpreters testified during the motion
for new trial hearing.  The first
interpreter testified that he answered appellant’s questions and to the extent
there was any confusion, he consulted with appellant’s attorney.  The second interpreter testified that she was
called to help because appellant was having trouble understanding what was
being said.  She testified that she
merely interpreted to appellant word-for-word everything the judge said to him,
and that she and the first interpreter never spoke to appellant at the same
time. 





            [5]  See
Maldonado v. State, No. 04-98-01064-CR, 1999 WL 623724, at *1 n.1 (Tex.
App.—San Antonio Aug. 18, 1999, no pet.) (not designated for publication)
(construing a motion for new trial as a motion to withdraw plea in the
interests of justice); State v. Nolan,
521 So. 2d 777, 779 (La. Ct. App. 1988) (stating where defendant pleaded
guilty, motion for new trial is inappropriate and should be treated as a motion
to withdraw guilty plea); see also State
v. Evans, 843 S.W.2d 576, 577–78 (Tex. Crim. App.
1992) (stating that, although motion for withdrawal of plea was filed, it was
equivalent to and should have been labeled a motion for new trial); Jean v. State, Nos. 14-94-00913–14-CR,
1996 WL 460177, at *2 (Tex. App.—Houston [14th Dist.] Aug. 15, 1996, no pet.)
(not designated for publication) (stating motion to withdraw is the functional
equivalent of a motion for new trial).  





            [6]  See Tex. Code Crim. Proc.
art. 26.13(a)(1)–(5).





            [7]  These admonishments were written in English,
but read to appellant and explained to him in Spanish by his counsel.  Appellant’s counsel further underlined key
passages and terms in the admonishments. 
Counsel specifically highlighted the paragraph containing the following
underlined sentences: “Joined by my counsel, I state that I understand the
foregoing admonishments and I am aware of the consequences of my plea.  I am mentally competent to stand trial and my
plea is freely and voluntarily made. . . . I waive and give up my right to a
jury in this case and my right to require the appearance, confrontation and
cross examination of the witnesses.”





            [8]  As the sole judge of the credibility of
appellant’s testimony, the trial court could accept or reject all of the
testimony or any part of it.  Coronado, 25 S.W.3d
at 810 (citing Flanagan v. State, 675
S.W.2d 734, 746 (Tex. Crim. App. 1984) (op. on reh’g)).