NO. 12-03-00267-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


JULIA CAMERON,                                           §     APPEAL FROM THE 7TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §     SMITH COUNTY, TEXAS





MEMORANDUM OPINION
            Julia Cameron appeals her conviction for murder, for which she was sentenced to
imprisonment for life. Appellant raises one issue on appeal. We affirm.

Background
            Appellant was charged by indictment with murder. On April 21, 2003, Appellant pleaded
guilty as charged. The trial court accepted Appellant’s sworn judicial confession and stipulation of
evidence, but deferred a formal finding of guilt to allow a pre-sentence investigation report to be
prepared. Subsequently, after the State had put on punishment evidence, Appellant sought to
withdraw her guilty plea.


 The court noted that Appellant had included a three-page handwritten
letter with her PSI report. The trial court made a preliminary, advisory finding that Appellant should
be permitted to withdraw her guilty plea, but gave the State two weeks to submit a brief on the issue
before it made a final ruling thereon. The court set a trial date for July 28, 2003 on the contingency
that it did permit Appellant to withdraw her guilty plea.
            On May 27, 2003, the State submitted a brief to the trial court opposing Appellant’s motion
to withdraw her guilty plea. On June 11, 2003, the court entered an order denying Appellant’s
motion. The court subsequently found Appellant guilty as charged and sentenced Appellant to
imprisonment for life. This appeal followed.

Withdrawal of Guilty Plea
            In her sole issue, Appellant argues that the trial court erred in denying her motion to withdraw
her guilty plea. A defendant may withdraw her guilty plea as a matter of right any time before
judgment has been pronounced or the case has been taken under advisement. Moreno v. State, 90
S.W.3d 887, 889 (Tex. App.–San Antonio 2002, no pet.); see also Jackson v. State, 590 S.W.2d
514, 515 (Tex. Crim. App. [Panel Op.] 1979); Rivera v. State, 952 S.W.2d 34, 35 (Tex. App.–San
Antonio 1997, no pet.). Once the trial judge has admonished the defendant, received the plea, and
received evidence, the passage of the case for a pre-sentence investigation constitutes taking the case
under advisement. Moreno, 90 S.W.3d at 889; Rivera, 952 S.W.2d at 35–36. Whether to allow
withdrawal of a plea pursuant to a motion filed after the judge has taken the case under advisement
is within the sound discretion of the trial court. Donovan v. State, 68 S.W.3d 633, 637 (Tex. Crim.
App. 2002); Moreno, 90 S.W.3d at 889; see also Jackson, 590 S.W.2d at 515; Rivera, 952 S.W.2d
at 35. To establish that the trial court abused its discretion, the appellant must show that the trial
court’s ruling lies outside the zone of reasonable disagreement. See Moreno, 90 S.W.3d at 889; see
also Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh’g). 
            In the case at hand, the trial court admonished Appellant, received her plea, and received 
Appellant’s sworn judicial confession and stipulation of evidence. The court then deferred a formal
finding of guilt to allow a pre-sentence investigation report to be prepared. Thus, by its actions, the
trial court took the case under advisement. The record does not support Appellant’s contention that
the trial court granted Appellant’s motion to withdraw her plea, thereby reinstating the case to its
status prior to being taken “under advisement.”


 Rather, the record reflects that the trial court’s
finding that Appellant should be permitted to withdraw her guilty plea was only preliminary and
advisory. Indeed, in addition to its specific statement that the finding was “preliminary” and
“advisory,” the trial court requested that the State brief a response on the issue and gave the State
two weeks to do so. After receiving the State’s brief, the trial court entered an order denying
Appellant’s motion to withdraw her guilty plea. Therefore, we hold that Appellant was not entitled
to withdraw her guilty plea as a matter of right because the trial court had already taken the case
under advisement and had not otherwise granted her motion to withdraw her guilty plea. Appellant
has not put forth any argument in her brief that the trial court abused its discretion in denying her
motion to withdraw her guilty plea after taking the case under advisement.


 Therefore, we will not
consider such an issue. Appellant’s sole issue is overruled.

Conclusion
Having overruled Appellant’s sole issue, we affirm the trial court’s judgment.

                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice


Opinion delivered August 25, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.






(PUBLISH)