William L. Newton v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-191-CR

WILLIAM L. NEWTON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant William L. Newton entered an open plea of guilt to unlawful possession of a firearm.  The trial court sentenced Newton to ten years’ confinement
.  We will affirm.

II.  Procedural Background and Independent Review of the Record

Newton’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays v. State
, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.).  We have conducted an independent review of the record and have determined just that.

Newton entered an open plea of guilty, so he waived the right to appeal any non-jurisdictional defects, other than the voluntariness of his plea, that occurred before entry of the plea so long as the judgment of guilt was rendered independent of, and is not supported by, the alleged error.  
See Young v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Lewis v. State
, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995).  Therefore, our independent review of the record is limited to potential jurisdictional defects, the voluntariness of Newton’s plea, potential error occurring before Newton’s plea that resulted in or supports the judgment of guilt, and potential error occurring after the guilty plea.  
See Young
, 8 S.W.3d at 666-67.

Our review of the record reveals no jurisdictional defects.  The trial court has jurisdiction over the case.  
See 
Tex. Code Crim. Proc. Ann.
 art. 4.05 (Vernon Supp. 2004-05) (setting forth original jurisdiction of district courts and criminal district courts).  The indictment conferred jurisdiction on the trial court and provided Newton with sufficient notice.  
See
 Tex. Const.
 art. V, § 12; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

The written plea admonishments indicate that Newton’s plea was made freely and voluntarily.  The docket entry stating that Newton requested to withdraw his plea of guilty on the date he was sentenced
(footnote: 2) does not support a claim that Newton’s plea was involuntary.  
See Donovan v. State
, 68 S.W.3d 633, 637 (Tex. Crim. App. 2002) (stating that whether to allow withdrawal of plea after judge has taken case under advisement is within sound discretion of trial court).

The only motions filed prior to Newton’s entering his open plea of guilt were a motion for continuance filed by Newton and a motion to withdraw and for substitution of counsel, to which Newton agreed.  The court granted both motions.  The record does not reveal any error occurring before Newton’s plea 
that resulted in or supports the judgment of guilt
.
(footnote: 3)
 After Newton entered an open plea of guilt, the State recommended five years’ confinement if Newton appeared for sentencing on January 3, 2003.  The record reflects that Newton failed to appear on January 3, 2003 and that his bond was forfeited.  The trial court sentenced Newton to ten years’ confinement 
on April 27, 2004 after he was re-apprehended for another offense.  
The sentence assessed by the trial court is within the punishment range provided for by law.  
See
 
Tex. Penal Code Ann.
 §§ 12.34, 46.04 (Vernon 2003).  We discern no reversible error during the punishment phase.

Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. 
 Strickland v. Washington
, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066 (1984).  
Considering the totality of the representation of Newton’s trial counsel, the record contains nothing that would indicate that counsel’s performance was deficient.  
See
 
id.
 at 687, 104 S. Ct. at 2064; 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). 

III.  Motion to Withdraw

Because our independent review of the record reveals no reversible error, we agree with counsel’s professional determination that an appeal of this case is frivolous.  Accordingly, we grant counsel’s motion to withdraw.

IV.  No Brief From Newton

We sent Newton a letter asking him to inform this court if he desired to examine the record and file a pro se brief.  He informed this court by letter that he wanted to file a pro se brief and raised several arguments in his letter regarding errors in his conviction.  However, Newton failed to file a brief.  Because the arguments in his letter are inadequately briefed, we cannot address them.  
See
 
Tex. R. App. P.
 38.9.
(footnote: 4)

V.
  
Conclusion

Based on our independent review of this record, we have determined that there is no error on which an appeal could be based or which would require reversal of this case.  Therefore, we grant counsel’s motion to withdraw on appeal and affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: April 7, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The record reflects that Newton requested to withdraw his plea after the trial court had taken the case under advisement.  
Cf. Moreno v. State
, 90 S.W.3d 887, 889 (Tex. App.—San Antonio 2002, no pet.) (stating that once trial judge has admonished defendant, received plea, and received evidence, the passage of the case for a pre-sentence investigation constitutes taking the case under advisement).

3:
Newton waived the making of a reporter’s record.  Therefore, the record before us consists solely of the clerk’s record.

4:
In Newton’s letter, he appears to raise the following issues:  voluntariness of his plea, double jeopardy, and illegal sentence.  We have reviewed the voluntariness of his plea and the legality of his sentence and found no reversible error.  With regard to a possible double jeopardy violation, the record before us does not support his argument.