COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-191-CR
  
  
WILLIAM 
L. NEWTON                                                            APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 372ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        Appellant 
William L. Newton entered an open plea of guilt to unlawful possession of a 
firearm. The trial court sentenced Newton to ten years’ confinement. We will 
affirm.
II. Procedural 
Background and Independent Review of the Record
        Newton’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion. In the brief, counsel avers that, in his 
professional opinion, this appeal is frivolous. Counsel’s brief and motion 
meet the requirements of Anders v. California, 386 U.S. 738, 87 S. Ct. 
1396 (1967), by presenting a professional evaluation of the record demonstrating 
why there are no arguable grounds for relief.
        In 
our duties as a reviewing court, we must conduct an independent evaluation of 
the record to determine whether counsel is correct in determining that the 
appeal is frivolous. See Stafford v. State, 813 S.W.2d 503, 511 (Tex. 
Crim. App. 1991); Mays v. State, 904 S.W.2d 920, 923 (Tex. App.—Fort 
Worth 1995, no pet.). We have conducted an independent review of the record and 
have determined just that.
        Newton 
entered an open plea of guilty, so he waived the right to appeal any 
non-jurisdictional defects, other than the voluntariness of his plea, that 
occurred before entry of the plea so long as the judgment of guilt was rendered 
independent of, and is not supported by, the alleged error. See Young v. 
State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); Lewis v. State, 
911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995). Therefore, our independent review of 
the record is limited to potential jurisdictional defects, the voluntariness of 
Newton’s plea, potential error occurring before Newton’s plea that resulted 
in or supports the judgment of guilt, and potential error occurring after the 
guilty plea. See Young, 8 S.W.3d at 666-67.
        Our 
review of the record reveals no jurisdictional defects. The trial court has 
jurisdiction over the case. See Tex. 
Code Crim. Proc. Ann. art. 4.05 (Vernon Supp. 2004-05) (setting forth 
original jurisdiction of district courts and criminal district courts). The 
indictment conferred jurisdiction on the trial court and provided Newton with 
sufficient notice. See Tex. Const. 
art. V, § 12; Duron v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 
1997).
        The 
written plea admonishments indicate that Newton’s plea was made freely and 
voluntarily. The docket entry stating that Newton requested to withdraw his plea 
of guilty on the date he was sentenced[2] does not 
support a claim that Newton’s plea was involuntary. See Donovan v. State, 
68 S.W.3d 633, 637 (Tex. Crim. App. 2002) (stating that whether to allow 
withdrawal of plea after judge has taken case under advisement is within sound 
discretion of trial court).
        The 
only motions filed prior to Newton’s entering his open plea of guilt were a 
motion for continuance filed by Newton and a motion to withdraw and for 
substitution of counsel, to which Newton agreed. The court granted both motions. 
The record does not reveal any error occurring before Newton’s plea that 
resulted in or supports the judgment of guilt.[3]
        After 
Newton entered an open plea of guilt, the State recommended five years’ 
confinement if Newton appeared for sentencing on January 3, 2003. The record 
reflects that Newton failed to appear on January 3, 2003 and that his bond was 
forfeited. The trial court sentenced Newton to ten years’ confinement on April 
27, 2004 after he was re-apprehended for another offense. The sentence assessed 
by the trial court is within the punishment range provided for by law. See 
Tex. Penal Code Ann. §§ 12.34, 
46.04 (Vernon 2003). We discern no reversible error during the punishment phase.
        Counsel 
is strongly presumed to have rendered adequate assistance and made all 
significant decisions in the exercise of reasonable professional judgment. Strickland 
v. Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066 (1984). Considering 
the totality of the representation of Newton’s trial counsel, the record 
contains nothing that would indicate that counsel’s performance was deficient. 
See id. at 687, 104 S. Ct. at 2064; Thompson v. State, 9 
S.W.3d 808, 812 (Tex. Crim. App. 1999).
III. Motion to 
Withdraw
        Because 
our independent review of the record reveals no reversible error, we agree with 
counsel’s professional determination that an appeal of this case is frivolous. 
Accordingly, we grant counsel’s motion to withdraw.
IV. No Brief 
From Newton
        We 
sent Newton a letter asking him to inform this court if he desired to examine 
the record and file a pro se brief. He informed this court by letter that he 
wanted to file a pro se brief and raised several arguments in his letter 
regarding errors in his conviction. However, Newton failed to file a brief. 
Because the arguments in his letter are inadequately briefed, we cannot address 
them. See Tex. R. App. P. 
38.9.[4]
V. 
Conclusion
        Based 
on our independent review of this record, we have determined that there is no 
error on which an appeal could be based or which would require reversal of this 
case. Therefore, we grant counsel’s motion to withdraw on appeal and affirm 
the trial court’s judgment.
    
  
                                                          SUE 
WALKER
                                                          JUSTICE
 
 
PANEL 
B:   LIVINGSTON, GARDNER, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
April 7, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The record reflects that Newton requested to withdraw his plea after the trial 
court had taken the case under advisement.  Cf. Moreno v. State, 90 
S.W.3d 887, 889 (Tex. App.—San Antonio 2002, no pet.) (stating that once trial 
judge has admonished defendant, received plea, and received evidence, the 
passage of the case for a pre-sentence investigation constitutes taking the case 
under advisement).
3.  
Newton waived the making of a reporter’s record.  Therefore, the record 
before us consists solely of the clerk’s record.
4.  
In Newton’s letter, he appears to raise the following issues: voluntariness of 
his plea, double jeopardy, and illegal sentence.  We have reviewed the 
voluntariness of his plea and the legality of his sentence and found no 
reversible error.  With regard to a possible double jeopardy violation, the 
record before us does not support his argument.