

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00751-CR

Roland S. **PERKINS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR5082
The Honorable Angus K. McGinty, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Sandee Bryan Marion, Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  November 26, 2014

AFFIRMED AS MODIFIED

Roland Perkins was charged with the felony offense of driving while intoxicated with a habitual felony offender enhancement.  Pursuant to a plea agreement, Perkins pled no contest to the felony offense of driving while intoxicated.  In exchange for his plea, the State agreed to waive the habitual offender allegation and recommend a ten-year sentence.  The trial court accepted Perkins's plea and orally sentenced him to ten years' confinement and a $1,000.00 fine.  The oral pronouncement was memorialized in a written judgment.  However, the trial court later amended its judgment, imposing an eight-year sentence and a $1,000.00 fine.  On appeal, Perkins raises two

issues, contending the trial court erred in: (1) proceeding with the plea hearing when Perkins was intoxicated; and (2) refusing to allow Perkins to withdraw his plea as requested in his motion for new trial. In addition, the State raises a cross-point, contending the trial court erred in amending its judgment. We affirm the trial court's judgment as modified.

## BACKGROUND

A detailed rendition of the facts is unnecessary to our disposition. Accordingly, we provide a brief background for context with regard to the issues raised by Perkins.

During Perkins's plea hearing, the trial court was concerned that Perkins had been drinking, a violation of his bond conditions. The trial court asked the bailiff, Deputy Martin Gamez of the Bexar County Sheriff's Department, to "investigate and see if there's reason to believe that Mr. Perkins has been drinking, and if so, we will have him tested." Deputy Gamez examined Perkins to determine whether he was intoxicated. According to the record, Deputy Gamez advised the trial court that based on his professional opinion, Perkins was not intoxicated. Perkins's attorney concurred with the deputy's assessment and specifically advised the court Perkins was competent to proceed. The trial court then proceeded with the hearing, accepting Perkins's plea, finding Perkins guilty of driving while intoxicated, and sentencing Perkins in accordance with the parties' plea agreement — ten years' confinement and a $1,000.00 fine.

The trial court set the matter for a sentencing hearing at a later date. Prior to the sentencing hearing, Perkins filed a motion to withdraw his plea, which was taken up at the sentencing hearing prior to the actual sentencing.

At the hearing, Perkins claimed his plea was involuntary due to intoxication. Perkins called witnesses to testify as to their recollection of the events at the original plea hearing. Perkins presented the testimony in an effort to establish he was intoxicated at the time he entered his plea,

rendering his plea involuntary. The witnesses included his former attorney, one of the prosecutors who was present at the plea hearing, and Deputy Gamez.

Not a single witness testified Perkins was intoxicated at the plea hearing. Rather, the testimony was that there was some concern at the plea hearing that Perkins had been drinking — he smelled of alcohol. However, Perkins's former attorney specifically testified he "was eventually satisfied that [Perkins] was competent to take the plea." The attorney specifically stated he did not believe Perkins was intoxicated. Moreover, the attorney testified he discussed the plea and its attendant consequences with Perkins before the plea. The prosecutor could recall little about the original plea hearing, but agreed there was a concern Perkins might have been under the influence of alcohol at the plea hearing. Deputy Gamez testified that pursuant to the trial court's instructions at the original plea hearing, he took Perkins to a conference room to determine if he "smelled any intoxicants" on Perkins's breath or if he seemed intoxicated. The deputy testified that after being in close contact with Perkins, Perkins did not seem to be intoxicated and he did not smell of intoxicants.

The trial court reviewed the record from the original plea hearing and considered the testimony of the witnesses with regard to Perkins's motion to withdraw his plea. The trial court concluded Perkins was competent at the plea hearing and that he fully understood his legal rights when he chose to waive them. The court then proceeded with sentencing, orally sentencing Perkins to ten years' confinement and a $1,000.00 fine. As noted above the trial court rendered a written judgment memorializing the ten-year sentence, but then rendered an amended judgment reducing Perkins's sentence to eight years' confinement. Thereafter, Perkins filed a motion for new trial in which he again raised the issue of the voluntariness of his plea. The trial court denied the motion for new trial and Perkins perfected this appeal.

## ANALYSIS

As noted above, Perkins raises two issues on appeal. Perkins contends the trial court erred in: (1) proceeding with the plea of no contest while he was intoxicated; and (2) denying his motion for new trial by denying his motion to withdraw his plea. Although guised as two separate issues, it is clear from the briefing that Perkins's true complaint is that his plea was involuntary. Accordingly, he should have been permitted to withdraw his plea.

### *Standard of Review*

"A defendant may withdraw his guilty plea as a matter of right any time before judgment has been pronounced or the case has been taken under advisement." *Moreno v. State*, 90 S.W.3d 887, 889 (Tex. App.—San Antonio 2002, no pet.). However, "[w]hether to allow withdrawal of a plea pursuant to a motion filed after the judge has taken the case under advisement is within the sound discretion of the trial court." *Id.* We review the trial court's ruling on a motion to withdraw a plea under an abuse of discretion standard. *Id.* "To show the trial court abused its discretion when it refused to allow [Perkins] to withdraw his plea[], appellant must show the trial court's ruling[] [was] outside the zone of reasonable disagreement." *Jagaroo v. State*, 180 S.W.3d 793, 802 (Tex. App.—Houston [14th Dist.] 2005, pet ref'd).

### *Application*

Perkins repeatedly claims he was intoxicated when he entered his plea and that his claim is clearly evidenced by the record. We disagree. Perkins contends the court announced "that the defendant was intoxicated . . . ." However, this statement is notably absent from the record. In actuality, the trial court stated there was a concern Perkins may have been drinking. As a result, the trial court asked his bailiff, Deputy Gamez, to examine Perkins and determine if he was intoxicated. Deputy Gamez, based on his professional opinion as a deputy with the Bexar County

Sheriff's Department, concluded Perkins was not intoxicated. Moreover, Perkins's own attorney, when asked at the plea hearing whether Perkins was competent, replied, "I believe he is."

Perkins claims that during the hearing on his motion to withdraw, his prior attorney "testified that . . . he believed [Perkins] to be intoxicated." Again, this statement does not appear in the record as alleged by Perkins. In fact, the record reflects the complete opposite. When asked for his opinion as to whether he thought Perkins was intoxicated at the plea hearing, Perkins's former attorney replied, "I did not believe so."

The evidence from record, with regard to Perkins's intoxication or lack thereof, is set out in detail above. In essence, the testimony was that Perkins was not intoxicated and was competent to enter a plea. Deputy Gamez testified he did not even smell an odor of intoxicants emanating from Perkins at the original plea hearing. In sum, there is simply no evidence from the original plea hearing or from the hearing on the motion to withdraw his plea that would permit this court to conclude the trial court's determination that Perkins was competent and his plea was voluntary is "outside the zone of reasonable disagreement." *Jagaroo*, 180 S.W.3d at 802.

Moreover, the record contains sufficient evidence to establish Perkins was appropriately admonished prior to his entry of the plea, and that he understood the admonishments and the consequences of his plea. The Code of Criminal Procedure mandates that a trial court provide certain admonishments to a defendant prior to accepting a plea of guilty or nolo contendere. TEX. CODE CRIM. PROC. ANN. art 26.13 (West Supp. 2014). Specifically, the trial court must advise the defendant of: (1) the range of punishment; (2) that the prosecutor's recommendation regarding punishment is not binding on the court; (3) a limited right of appeal; (4) immigration consequences if applicable; and (5) requirements of sex offender registration if applicable. *Id.* Furthermore, Article 23.16(c) provides:

> In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

TEX. CODE CRIM. PROC. ANN. art. 26.13(c). "The admonishment of the trial court usually assures that an offender's plea is voluntary[.]" *Campbell v. State*, 5 S.W.3d 693, 701 (Tex. Crim. App. 1999).

Here, the trial court explained to Perkins the offense with which he was charged, his waiver of rights, limitations of appeal, the range of punishment, the existence of a plea bargain agreement, and that the court was not bound by the plea bargain. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13. Perkins, when asked, advised he understood the admonishments and wished to plead "no contest" to the offense. He agreed he was pleading "no contest" because he discussed the case with his attorney and "it was the best thing for him to do." Thus, we hold the trial court properly admonished Perkins prior to accepting his plea and Perkins admitted he understood them and wished to plead "no contest."

### State's Cross-Point

The State contends the trial court erred in amending Perkins's sentence from ten years' confinement to eight years' confinement. We agree.

As noted above, when the trial court orally pronounced sentence upon Perkins, it stated it was sentencing Perkins in accordance with the plea agreement and specifically stated it was assessing his punishment "at ten years TDC." The court also imposed a $1,000.00 fine. The sentence imposed was reduced to writing in the judgment. However, for reasons that are not explained in the record, the trial court rendered an amended judgment, which was signed eight days after the original written judgment, in which Perkins's sentence was reduced to eight years' confinement.

"A trial court's pronouncement of sentence is oral, while the judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement." *Ex parte Madding*, 70 S.W.3d 131,135 (Tex. Crim. App. 2002) (citing TEX. CODE. CRIM. PROC. ANN. art 42.02, § 1 (West. Supp. 2014)). Thus, "[w]hen there is a conflict between the oral pronouncement of sentence in open court and the sentence set out in the written judgment, the oral pronouncement controls." *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003).

The State contends we must modify the judgment because the trial court improperly reduced Perkins's sentence to eight years' confinement after orally pronouncing a sentence of ten years. We agree and hold the trial court's judgment must be modified to comport with the trial court's oral pronouncement. We therefore sustain the State's cross-point and hold the trial court erred in rendering the amended judgment assessing eight years' confinement.

## CONCLUSION

Based on the foregoing, we overrule Perkins's issues. However, we sustain the State's cross-point and order the judgment modified to reflect a sentence of ten years' confinement. As modified, we affirm the trial court's judgment.

Marialyn Barnard, Justice

DO NOT PUBLISH