

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00020-CR

Jessie L. **GARCIA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CR10331
Honorable Ron Rangel, Judge Presiding

PER CURIAM

Sitting:      Irene Rios, Justice
             Beth Watkins, Justice
             Liza A. Rodriguez, Justice

Delivered and Filed: March 13, 2024

DISMISSED

On November 27, 2023, appellant Jessie L. Garcia entered into a plea bargain with the State pursuant to which he agreed to plead nolo contendere to two counts of indecency with a child. On the same day, appellant, his attorney, the prosecuting attorney, and the trial court signed a "Court's Admonishment and Defendant's Waivers and Affidavit of Admonitions." In that document, the trial court expressly accepted appellant's plea.

On December 4, 2023, appellant filed a motion to withdraw his plea. Appellant's motion stated, "[A]s of this date this Court has not pronounced judgment in said case nor has this case

been taken under advisement." On January 4, 2024, the trial court denied appellant's motion. The trial court then imposed sentence in accordance with the agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Appellant filed a notice of appeal, and the district clerk filed a copy of the clerk's record, which includes the trial court's Rule 25.2(a)(2) certification and a written plea bargain agreement. *See id.* R. 25.2(d).

We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* "In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." *Id.* R. 25.2(a)(2).

Here, the record supports the trial court's certification that appellant does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). First, the clerk's record establishes the punishment assessed by the trial court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See* TEX. R. APP. P. R. 25.2(a)(2).

Second, we have previously held that "a motion filed after a case has been taken under advisement is not a pre-trial motion" for purposes of Texas Rule of Appellate Procedure 25.2(a)(2)(A). *See Moreno v. State*, 90 S.W.3d 887, 888 (Tex. App.—San Antonio 2002, no pet.); *see also* TEX. R. APP. P. 25.2(a)(2)(A). A case is "taken under advisement" when, inter alia, the court has accepted the defendant's plea and stipulation of evidence and admonished him. *See*

*Washington v. State*, 893 S.W.2d 107, 108 (Tex. App.—Dallas 1995, no pet.). Here, as noted above, the record shows the trial court accepted appellant's plea before he moved to withdraw it.

Finally, the trial court's certification of defendant's right to appeal shows that the trial court did not grant appellant permission to appeal, and we see no indication that appellant's specific appeal is authorized by statute. *See* TEX. R. APP. P. R. 25.2(a)(2)(B), (C).

On January 19, 2024, we notified appellant that we would dismiss this appeal pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure unless an amended certification showing that appellant has the right to appeal was made part of the appellate record by February 18, 2024. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). No amended certification was filed. Accordingly, we dismiss this appeal. *See* TEX. R. APP. P. 25.2(d).

PER CURIAM

DO NOT PUBLISH