Richard Wayne JENNINGS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–86–00260–CR.

Court of Appeals of Texas, Houston (1st Dist.).

June 30, 1988.

Rehearing Denied July 28, 1988.

T.W. Proctor, Walter Boyd, Houston, for appellant.

John B. Holmes, Dist. Atty. Harris County, for appellee.

Before EVANS, C.J., and SAM BASS and DUNN, JJ.

OPINION

DUNN, Justice.

Appellant entered pleas of nolo contendere to indecency with a child in two sepa-

rate cause numbers, and the State dropped an aggravated sexual assault charge in one of the indictments. The court found appellant guilty in both causes and ordered a pre-sentence investigation ("PSI"). At the subsequent punishment hearing, the court denied appellant's motion to withdraw one of his nolo contendere pleas that was based on an alleged statutory defense. After hearing evidence presented by the State and appellant's testimony regarding his request for probation, the court assessed the maximum punishment in each cause, 20 years imprisonment, to run concurrently.

Appellant had been in jail for eight months at the time of his pleas, having been unable to post bond or to get it reduced. In his fifth month in jail, he fell in the shower and broke his arm, requiring several operations. After unsuccessful attempts to get his bond reduced, appellant filed a writ of habeas corpus, alleging improper medical treatment. At the hearing set on the writ, the court, based on prior agreement with defense counsel, agreed to release appellant on a personal bond, and appellant withdrew his writ of habeas corpus. It was at this hearing that appellant entered his pleas.

■ Before addressing appellant's points of error, we need to dispose of the State's sole argument that appellant's appeal must be dismissed for want of jurisdiction in the absence of a written notice of appeal, relying on *Shute v. State,* 744 S.W.2d 96 (Tex. Crim.App.1988). Tex.R.App.P. 40(b)(1), requiring written notice, did not become effective until September 1, 1986, and thus would not apply to this case, where judgment was rendered and oral notice of appeal was given on April 3, 1986, as then required by article 44.08(a) of the Texas Code of Criminal Procedure, since repealed.

Appellant raises three points of error, all pertaining to his pleas of nolo contendere, in which he argues the following: (1) the trial court impermissibly engaged in plea bargaining; (2) his plea was per se involuntary due to the trial court's promise to release him from custody upon entry of his plea; and (3) the trial court's promise to release appellant temporarily from custody

rendered appellant's nolo contendere plea in violation of the due process clauses of the federal and state constitution.

All three points of error are based on the following exchange between the trial court and defense counsel at the beginning of the hearing set for appellant's writ of habeas corpus:

Defense counsel: Judge, for the purposes of the record, with the understanding that the plea has been worked out and the Court is going to grant a personal recognizance bond to Mr. Jennings, based upon the total arrangement, we would abandon our Writ of Habeas Corpus as being moot.

Court: I think the record must also reflect that the agreement of the court to release the Defendant on a pretrial services bond after the plea does not in any way compromise or encourage or make conditional that plea; is that understood?

Defense counsel: I understand. It is also my understanding that the State is not opposing the Court's own action alone, and the State is not opposing a PR bond based on the arrangements.

Following the State's statement that it would not oppose the personal bond, appellant withdrew his writ of habeas corpus, without putting on any evidence, and entered his pleas of nolo contendere.

■ The record does not support appellant's contention that the trial judge's agreement to release him on a personal bond was part of a plea bargain. To the contrary, the judge's statement, relied on by appellant, clearly states that the agreement of the court regarding the release of appellant "does not in any way compromise or encourage or make conditional that plea," to which defense counsel responded that he understood. The only agreement between the trial court and appellant reflected in the record is the court's releasing appellant on a personal bond in exchange for appellant's withdrawing his writ of habeas corpus.

A supplemental brief, untimely filed by co-counsel, was denied by this Court because it raised additional points of error.

However, we will address the arguments contained therein relating to the involuntariness of appellant's pleas.

In this supplemental brief, appellant points to various places in the record to support his contention that the court's agreement to release him on a personal bond was part of his plea bargain. However, we fail to find any such evidence, or even any allegation of such a plea bargain, in any of the numerous hearings before the trial court, including the hearing on appellant's motion to withdraw his plea in one of the causes, based on an alleged statutory defense. Nor is such an agreement indicated in appellant's signed pleas of nolo contendere, where the State abandoned the aggravated sexual assault paragraph contained in one of the causes and made no recommendation for punishment, other than that "punishment should be set by the court after PSI" and that the "State reserves the right to argue for appropriate punishment and to present evidence."

■ Appellant also argues that the trial court impermissibly participated in plea bargaining by agreeing that it would seriously consider probation. He contends that, as part of that agreement, he had earlier pleaded guilty or no contest to two misdemeanor charges involving the same complainants and agreed to the maximum sentence of one year in each, having already received enough jail credit to satisfy the sentences.

This argument is without merit. First, there is no evidence in the record of such an agreement. Second, an agreement to seriously consider probation would not render a plea involuntary. "Simply because the promise made by the judge induced the defendant to plead guilty does not make that plea involuntary, rather, the promise must be of the prohibited type to affect the voluntariness of the defendant's plea." *Ex parte Shuflin,* 528 S.W.2d 610, 615 (Tex. Crim.App.1975) (citing *Brown v. Peyton,* 435 F.2d 1352 (4th Cir.1970), *cert. denied,* 406 U.S. 931, 92 S.Ct. 1785, 32 L.Ed.2d 133 (1972)).

■ Appellant also suggests that the lack of adequate medical treatment rendered his plea involuntary. However, we fail to find any evidence of such an allegation or of such improper medical treatment in the record. Appellant made allegations of improper treatment in his application for writ of habeas corpus, and defense counsel alluded to such in hearings before the trial court. At no time, however, was evidence of improper medical treatment introduced into the record.

The record reflects that the court gave appellant all the required admonishments and ascertained that his plea was voluntary, as shown by the following exchange:

Court: Have you been forced, threatened or coerced in any way into entering either of these pleas?

Defendant: No, Your Honor.

Court: Have you been offered or promised anything other than plea negotiations with the State to entice you to enter these pleas?

Defendant: No, Your Honor.

Court: Have you been placed in fear in any manner by anyone forcing you to enter these pleas?

Defendant: No, Your Honor.

Court: Are you entering these pleas of your own free will?

Defendant: Yes, Your Honor.

The court also informed appellant of the range of punishment upon conviction for the offense of indecency with a child.

We agree with the language discouraging judicial involvement in plea negotiations in Texas Court of Criminal Appeals cases relied on by appellant. *See State ex rel. Bryan v. McDonald,* 662 S.W.2d 5, 8–9 (Tex.Crim.App.1983); *Ex parte Shuflin,* 528 S.W.2d at 617. The most recent Court of Criminal Appeals case containing such language is *Perkins v. Court of Appeals,* where the court stated:

Although Texas trial judges are not expressly prohibited by statute or any rule of law from participating in a plea bargaining session, this Court has nevertheless suggested that a trial judge should not participate in any plea bargain agreement discussions until an agreement has been reached between the prosecutor and

the defendant. The reason for this suggestion is that *the trial judge should always avoid the appearance of any judicial coercion* or prejudgment of the defendant since such influence might affect the voluntariness of the defendant's plea.

738 S.W.2d 276, 282 (Tex.Crim.App.1987) (Emphasis added; citations omitted.)

 We also agree with appellant that, unlike *Shuflin,* where the court's agreement to write a letter recommending early parole was held not to render the plea involuntary, even if part of a plea bargain, 528 S.W.2d at 616, any agreement by the court to release appellant on a personal bond as part of a plea bargain would constitute impermissible judicial coercion and render the plea involuntary. However, absent any evidence in the record that the trial court's stated agreement was part of a plea bargain, we must overrule appellant's points of error.

The judgment of the trial court is affirmed.