Cleveland FLOWERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–94–00577–CR.

Court of Appeals of Texas, San Antonio.

Aug. 20, 1997.

Paul J. Goeke, Robert McGlohon, Jr., San Antonio, for Appellant.

Margaret M. Fent, Assistant Criminal District Attorney, San Antonio, for Appellee.

Before RICKHOFF, STONE and ANGELINI, JJ.

ANGELINI, Justice.

Appellant, Cleveland Flowers, appeals his conviction for indecency with a child. In one point of error, appellant contends that his plea was involuntary because he was not informed that he could be incarcerated as a condition of probation. We reverse the judgment of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged by indictment with the offenses of aggravated sexual assault and indecency with a child. Appellant pled no contest to the charge of indecency with a child and the State abandoned the charge of aggravated sexual assault pursuant to a plea bargain agreement. The plea agreement provided that punishment would be assessed at confinement for three years and a fine of one thousand dollars, the State would recommend that the sentence be probated, and the State would remain silent on appellant's application for deferred adjudication. The trial court accepted the plea agreement, sentenced appellant according to its terms, and ordered appellant to serve 180 days in jail as a condition of probation.

Appellant brought this appeal, alleging that his plea of nolo contendere was involuntary because his attorney at trial informed him that he would not be incarcerated under the plea agreement. In an opinion delivered September 29, 1995, we dismissed the appeal for lack of jurisdiction after deciding that appellant's notice of appeal did not comply with TEX.R.APP. P. 40(b)(1).

The court of criminal appeals granted appellant's petition for discretionary review in order to address the issue of whether Rule 40(b)(1) bars an appeal predicated on an involuntary plea. The court held that appellant was "entitled to have the issue of the voluntary nature of his plea addressed by the court of appeals because its appealability is not dependent on following Rule 40(b)(1) requirements." *Flowers v. State*, 935 S.W.2d 131, 134 (Tex.Crim.App.1996). Accordingly, the court vacated our previous judgment and remanded the case back to this court for a determination of whether appellant entered his plea voluntarily.

## ARGUMENT AND AUTHORITY

In his sole point of error, appellant alleges that his plea of nolo contendere was not voluntary because of his unawareness that, as a consequence of his plea, he could be incarcerated as a condition of probation. The record reflects that appellant's attorney communicated to appellant that he would not serve any jail time as a result of the plea bargain agreement. Appellant states that he would not have entered into the plea bargain agreement if he had been aware that there was a possibility that he would be required to serve time in jail. Consequently, appellant contends that his plea was based upon misinformation.

It is well settled that a plea is not rendered involuntary simply because the punishment effectively exceeds what the defendant expected, even where that expectation is raised by the defendant's attorney. *Galvan v. State,* 525 S.W.2d 24, 26 (Tex. Crim.App.1975); *Hinkle v. State,* 934 S.W.2d 146, 149 (Tex.App.—San Antonio 1996, pet. ref'd); *Tovar–Torres v. State,* 860 S.W.2d 176, 178 (Tex.App.—Dallas 1993, no pet.). However, a guilty or nolo contendre plea will not support a conviction where that plea is motivated by significant misinformation conveyed by defense counsel. *Ex parte Kelly,* 676 S.W.2d 132, 134–35 (Tex.Crim.App.1984); *Shepherd v. State,* 673 S.W.2d 263, 266 (Tex. App.—Houston [1st Dist.] 1984, no pet.). In fact, this court has recently held that "if an attorney conveys erroneous information to his client, a plea of guilty based upon that misinformation is involuntary." *Rivera v. State,* 952 S.W.2d 34, 36 (Tex.App.—San Antonio, July 16, 1997, n.w.h.) (citing *Fimberg v. State,* 922 S.W.2d 205, 207 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd)). In such circumstances, we must determine whether the record supports the contention that the appellant's plea was, in fact, induced by significant misinformation. *See Russell v. State,* 711 S.W.2d 114, 116 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd).

The plea agreement signed by appellant, his trial counsel, the prosecutor, and the trial court stipulates that the trial court may set the conditions of probation in its sole discretion. There is nothing in the agreement to indicate that appellant and the State made any agreement regarding the conditions of probation. In fact, the agreement states that the parties are not permitted to make binding agreements regarding the terms or conditions of probation. Nevertheless, we find that appellant was misled by his attorney's erroneous assertions to such a degree that his plea was rendered involuntary.

Appellant attached his affidavit to his motion for new trial, alleging that he accepted the plea bargain offered to him because his trial counsel advised him that the plea bargain eliminated the possibility of jail time absent a subsequent violation of probation. He first learned that he could be incarcerated as a condition of probation when the trial court sentenced him. He insisted that he would not have agreed to the plea bargain had he been aware that it could result in his incarceration. He again asserted these facts at the hearing on his motion for new trial. His testimony was uncontroverted.

Appellant's trial counsel, Richard Buckalew, corroborated appellant's assertions of misinformation through his affidavit and at the hearing. Buckalew testified that appellant's understanding of the plea agreement was consistent with the way that he had explained it to appellant during plea negotiations. He testified that he believed the plea bargain agreement precluded jail time, even as a condition of probation, and he explained it to appellant as such. This explanation was clearly erroneous. *See Fimberg v. State,* 922 S.W.2d 205, 208 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd) (finding that statement by attorney to client that client would not go to jail if he pled guilty qualifies as misinformation).

Accordingly, we find that the record supports appellant's contention that he entered his plea based upon misinformation. The testimony of appellant's trial counsel confirms appellant's assertions and the State wholly failed to contradict appellant's claims, either at the motion for new trial or by brief

to this court.[1] We must, therefore, find that appellant entered his plea of nolo contendre based upon the understanding, as conveyed by his attorney, that he would not be subject to incarceration, as a condition of probation or otherwise. A plea based on such misinformation is involuntary. *See Fielder v. State,* 834 S.W.2d 509, 514 (Tex.App.—Fort Worth 1992, pet. ref'd) (holding plea involuntary where attorney misrepresented that appellant would serve no jail time in exchange for plea of nolo contendre). Appellant's point of error is, therefore, sustained.

The judgment of the trial court is reversed and the case is remanded to the trial court for further proceedings.

1. We note that the state declined our invitation to brief the merits of appellant's involuntary plea claim subsequent to the court of criminal appeals' decision ordering us to consider the claim.