NO. 07-02-0296-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

APRIL 10, 2003

_____

IVY  JOHNSON,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 217TH DISTRICT COURT OF ANGELINA COUNTY;

NO. CR-22,878; HON. DAVID V. WILSON, PRESIDING

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[1]

Appellant, Ivy Johnson, appeals his conviction of unlawfully possessing a firearm. Through two issues on appeal, he attacks the voluntariness of his open guilty plea. Specifically, he contends that his plea was involuntary because it was based upon a misrepresentation by his counsel and because his counsel was ineffective when uttering the purported misrepresentation.  The misrepresentation involved the alleged statement

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.  Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

that appellant would receive probation if he entered an open plea of guilty. We affirm the judgment of the trial court.

## *Background*

Appellant was indicted for the offense of unlawful possession of a firearm. On May 3, 2002, he entered a guilty plea without a recommendation as to punishment. A pre-sentence investigation report was prepared and, on May 31, 2002, the court sentenced him to five years imprisonment. The record before us contains no evidence of any statements made by counsel to appellant concerning probation or appellant's eligibility for it. And, to the extent that appellant applied to the court for probation, the written document only contains the signature of appellant and the deputy court clerk. Counsel's signature appears nowhere on the instrument.

Nevertheless, the following does appear of record. Appellant signed written plea admonishments, waivers and stipulations. So too did he represent to the trial court at the plea hearing that 1) he had not been forced to enter a plea, 2) there was no plea bargain, 3) he was not promised anything in return for his plea, 4) he was pleading guilty because he was guilty, 5) he understood his right to a jury trial and gave up that right, 6) he gave up his right to require the State to call witnesses against him and agreed to the stipulation of evidence, 7) he was not under the influence of any medication, drugs, or alcohol, 8) he had never been committed to a mental institution or under the care of a psychiatrist, 9) he was not "crazy," and 10) he had been given an opportunity to talk to his counsel and "was satisfied with his services."

### *Authority and Its Application*

When there is no plea bargain, a knowing and voluntary guilty plea waives all non-jurisdictional defects occurring before the plea. *Ex parte Torres,* 943 S.W.2d 469, 475 (Tex. Crim. App. 1997). However, a defendant may raise on appeal the question of the voluntariness of his plea. *Cantu v. State,* 993 S.W.2d 712, 716 (Tex. App.—San Antonio 1999, pet. ref'd).[2] Additionally, a guilty plea based on erroneous advice or significant misinformation provided by defense counsel is not voluntary. *Cardenas v. State,* 960 S.W.2d 941, 943 (Tex. App.—Texarkana 1998, pet. ref'd); *Fimberg v. State,* 922 S.W.2d 205, 207 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd).

Next, the standards by which we review claims of ineffective assistance of counsel are well established and recited in *Bone v. State,* 77 S.W.3d 828 (Tex. Crim. App. 2002). The litigants are referred to that case for an explanation of them. Furthermore, we note not only that the claim of ineffectiveness must be firmly founded in the record, *Rios v. State,* 990 S.W.2d 382, 385 (Tex. App.—Amarillo 1999, no pet.), but also that counsel's actions are presumed both reasonable and professional until appellant establishes otherwise. *Bone v. State,* 77 S.W.3d at 833. Finally, when a defendant enters a plea upon advice of counsel and later challenges the voluntariness of that plea based upon a claim of ineffective assistance, the voluntariness of the plea depends upon whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and, if not, whether there is a reasonable probability that, but for counsel's mistakes, he would

---

[2]Appellant signed a waiver of his right to appeal at the time of his plea but prior to sentencing. Although he has not separately attacked the voluntariness of the waiver of his right to appeal, we will treat it as subsumed within his claim that his plea was involuntary.

not have pled guilty but would have insisted on going to trial. *Ex parte Moody,* 991 S.W.2d 856, 857 (Tex. Crim. App. 1999); *Malley v. State,* 9 S.W.3d 925, 927 (Tex. App.—Beaumont 2000, pet. ref'd).

As to the contention that the plea was involuntary due to counsel's purported misstatement that appellant would receive probation, appellant cites us to no evidence illustrating that counsel made such a statement. Nor does our own review of the record uncover any. And, the fact that appellant may have pled guilty and filed an application for probation is not basis upon which one can reasonably infer that the applicant was told by anyone, much less his attorney, that he *would* receive probation if he pled guilty. Moreover, we have before us evidence that appellant was 1) admonished about the full range of punishment (which included an extended prison term) and 2) told that a jury could not award him probation, though it appeared that the trial court could. Appellant stated that he understood this. Additionally, appellant acknowledged before the trial court that 1) he had not been forced to enter a plea, 2) there existed no plea bargain, 3) he was not promised anything in return for his plea, 4) he was pleading guilty because he was guilty, 5) he understood his right to trial by jury and waived that right, 6) he waived his right to require the State to call witnesses against him and agreed to the stipulation of evidence, 7) he was not at the time under the influence of any intoxicant or medication, 8) he had never been committed to a mental institution or the care of a psychiatrist, 9) he was not "crazy," and 10) he had been given an opportunity to talk to his counsel and "was satisfied with [counsel's] services." This evidence establishes a prima facie showing that his plea was voluntary. *Cantu v. State,* 993 S.W.2d at 718. Finally, that appellant received greater

4

punishment than originally expected (even if that expectation was raised by his attorney) did not of itself render the plea involuntary. *Flowers v. State,* 951 S.W.2d 883, 885 (Tex. App.—San Antonio 1997, no pet.).

As to the claim of ineffectiveness, we again note the utter lack of evidence depicting what, if anything, trial counsel told appellant regarding pleading guilty, in general, and probation, in particular. That appellant may have executed and filed a sworn request for probation does not fill the void. Again, the claim of ineffectiveness must be firmly founded on the record. *Thompson v. State,* 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999). So, we cannot presume the nature of an attorney's advice from the mere record of his conduct at trial without actual evidence that the defendant was misinformed. *Shepherd v. State,* 673 S.W.2d 263, 267 (Tex. App.—Houston [1st Dist.] 1984, no pet.). Simply put, we cannot find counsel ineffective and, therefore, appellant's plea involuntary without evidence of what counsel said.

Accordingly, both issues are overruled, and the judgment of the trial court is affirmed.

Brian Quinn
Justice

Do not publish.

5