NO. 07-04-0569-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JULY 11, 2005


______________________________



ANDY DEWAYNE POSEY, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;



NO. 15,058-B; HON. JOHN B. BOARD, PRESIDING


_______________________________



 Order on Application for Bail

 _______________________________


Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 By opinion dated May 25, 2005, we reversed the conviction of appellant Andy
DeWayne Posey and remanded the cause to the trial court for further proceedings. 
Pending before us is appellant's application for bail. 

 When a conviction is reversed and the appellant is in custody, article 44.04(h) of the
Texas Code of Criminal Procedure requires that he be "entitled to release on reasonable
bail, regardless of the length of term of imprisonment, pending final determination of an
appeal by the state or the defendant on a motion for discretionary review." Tex. Code
Crim. Proc. Ann. art. 44.04(h) (Vernon Supp. 2004-2005). If the defendant requests bail
before a petition for discretionary review has been filed, the Court of Appeals shall
determine the amount of bail. Id.

 We previously asked that appellant provide us with certain information we are
required to consider in determining the amount of bail. It includes 1) "the length of the
sentence and the nature of the offense," 2) the applicant's "work record, family ties, . . .
length of residency, ability to make the bond, prior criminal record, and conformity with
previous bond conditions," 3) other outstanding bonds, and 4) the aggravating factors, if
any, involved in the offense. Ex parte Rubac, 611 S.W.2d 848, 849-50 (Tex. Crim. App.
1981). Appellant seeks bail in the amount of $5,000 which was the amount set by the trial
court. However, the State has requested that bail be set in the amount of $100,000 due
to appellant's multiple prior convictions, his sentence of 36 years, the fact that the basis for
reversal did not relate to the sufficiency of the evidence, and the State's representation that
it has the ability to cure (on retrial of the cause) the defect which resulted in the reversal. 

 The information before the court indicates that appellant does have ties to the
community. Yet, it also indicates that he is a convicted felon and has a long history of
engaging in criminal activity. So too must we acknowledge that the sentence levied in this
cause was far from de mininis and that appellant may well face a long term of incarceration
should he again be convicted. This certainly is a consideration when determining whether
appellant will appear when the cause is retried. Accordingly, we grant appellant's request
for bail and condition his release on his posting bail in the amount of $50,000.


 Per Curiam


Do not publish. 



N STYLE="font-size: 10pt"> When there is no plea bargain, a knowing and voluntary guilty plea waives all non-jurisdictional defects occurring before the plea. Ex parte Torres, 943 S.W.2d 469, 475
(Tex. Crim. App. 1997). However, a defendant may raise on appeal the question of the
voluntariness of his plea. Cantu v. State, 993 S.W.2d 712, 716 (Tex. App.--San Antonio
1999, pet. ref'd). (2) Additionally, a guilty plea based on erroneous advice or significant
misinformation provided by defense counsel is not voluntary. Cardenas v. State, 960
S.W.2d 941, 943 (Tex. App.--Texarkana 1998, pet. ref'd); Fimberg v. State, 922 S.W.2d
205, 207 (Tex. App.--Houston [1st Dist.] 1996, pet. ref'd). 

 Next, the standards by which we review claims of ineffective assistance of counsel
are well established and recited in Bone v. State, 77 S.W.3d 828 (Tex. Crim. App. 2002). 
The litigants are referred to that case for an explanation of them. Furthermore, we note
not only that the claim of ineffectiveness must be firmly founded in the record, Rios v.
State, 990 S.W.2d 382, 385 (Tex. App.--Amarillo 1999, no pet.), but also that counsel's
actions are presumed both reasonable and professional until appellant establishes
otherwise. Bone v. State, 77 S.W.3d at 833. Finally, when a defendant enters a plea upon
advice of counsel and later challenges the voluntariness of that plea based upon a claim
of ineffective assistance, the voluntariness of the plea depends upon whether counsel's
advice was within the range of competence demanded of attorneys in criminal cases and,
if not, whether there is a reasonable probability that, but for counsel's mistakes, he would
not have pled guilty but would have insisted on going to trial. Ex parte Moody, 991 S.W.2d
856, 857 (Tex. Crim. App. 1999); Malley v. State, 9 S.W.3d 925, 927 (Tex.
App.--Beaumont 2000, pet. ref'd). 

 As to the contention that the plea was involuntary due to counsel's purported
misstatement that appellant would receive probation, appellant cites us to no evidence
illustrating that counsel made such a statement. Nor does our own review of the record
uncover any. And, the fact that appellant may have pled guilty and filed an application for
probation is not basis upon which one can reasonably infer that the applicant was told by
anyone, much less his attorney, that he would receive probation if he pled guilty. 
Moreover, we have before us evidence that appellant was 1) admonished about the full
range of punishment (which included an extended prison term) and 2) told that a jury could
not award him probation, though it appeared that the trial court could. Appellant stated
that he understood this. Additionally, appellant acknowledged before the trial court that
1) he had not been forced to enter a plea, 2) there existed no plea bargain, 3) he was not
promised anything in return for his plea, 4) he was pleading guilty because he was guilty,
5) he understood his right to trial by jury and waived that right, 6) he waived his right to
require the State to call witnesses against him and agreed to the stipulation of evidence,
7) he was not at the time under the influence of any intoxicant or medication, 8) he had
never been committed to a mental institution or the care of a psychiatrist, 9) he was not
"crazy," and 10) he had been given an opportunity to talk to his counsel and "was satisfied
with [counsel's] services." This evidence establishes a prima facie showing that his plea
was voluntary. Cantu v. State, 993 S.W.2d at 718. Finally, that appellant received greater
punishment than originally expected (even if that expectation was raised by his attorney)
did not of itself render the plea involuntary. Flowers v. State, 951 S.W.2d 883, 885 (Tex.
App.--San Antonio 1997, no pet.). 

 As to the claim of ineffectiveness, we again note the utter lack of evidence depicting
what, if anything, trial counsel told appellant regarding pleading guilty, in general, and
probation, in particular. That appellant may have executed and filed a sworn request for
probation does not fill the void. Again, the claim of ineffectiveness must be firmly founded
on the record. Thompson v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999). So, we
cannot presume the nature of an attorney's advice from the mere record of his conduct at
trial without actual evidence that the defendant was misinformed. Shepherd v. State, 673
S.W.2d 263, 267 (Tex. App.--Houston [1st Dist.] 1984, no pet.). Simply put, we cannot find
counsel ineffective and, therefore, appellant's plea involuntary without evidence of what
counsel said.

 Accordingly, both issues are overruled, and the judgment of the trial court is
affirmed. 


 Brian Quinn

 Justice 


Do not publish. 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. Appellant signed a waiver of his right to appeal at the time of his plea but prior to sentencing. 
Although he has not separately attacked the voluntariness of the waiver of his right to appeal, we will treat
it as subsumed within his claim that his plea was involuntary.